FRANK X. FARNAN, JR., MARY F. ARNOLD, REBECCA F. HUNTER, DOROTHY F. DARROCOTT v. FIRST UNION NATIONAL BANK, as EXECUTOR AND TRUSTEE UNDER THE WILL OF JOSEPH JENKINS FARNAN, DECEASED, VINCENT S. WATERS, as BISHOP OF THE ROMAN CATHOLIC DIOCESE OF RALEIGH, NORTH CAROLINA.

(Filed 2 December, 1964.)

1. **Wills § 40—**

The rule against perpetuities requires that an estate vest no later than twenty-one years plus, when apposite, the period of gestation after the life or lives of persons in being at the time of the creation of the estate, and is a rule of law and not of construction.

2. **Same— Time of vesting and not time of payment is determinative of whether bequest violates rule against perpetuities.**

A bequest to trustees to pay the income for life to testator's nieces and nephews, and after the death of the survivor to hold the property for a period of twenty years and then "as soon as practicable" thereafter pay the sum to a charity, provided the charity accepted the conditions that the fund be matched for the construction of a church to bear one of two designated names, with further provision that if the charity failed to accept the conditions within one year following the expiration of the twenty-year period, the fund should be distributed to other designated charities, *held* not to violate the rule against perpetuities even though the trustees are given time after the expiration of the twenty-one year period in which to pay the sum, since the fund vests after the twenty-year period when the charity accepts the conditions of the bequest and not when the funds may be actually paid.

**3. Wills § 61;    Appeal and Error § 6—**

Where a will directs trustees to pay to a designated charity certain funds upon the acceptance in writing by the charity of certain conditions of the bequest, the acceptance of the conditions by the charity vests the funds in it, and the rights of the parties in the event the conditions should thereafter be broken will not be determined until the happening of such contingency, since the courts will not enter anticipatory judgments.

**4. Wills § 50—**

Bequests to charities in this case held not void for vagueness. G.S. 36-21, G.S. 36-23.1.

**5. Wills § 40—**

The will in question made a gift to a named charity to vest contingently if the charity accepted the conditions specified therein within twenty-one years after the death of the survivor life beneficiary of the income, with further provisions that if the charity did not within that time accept the conditions, the fund should go to the other specified charities. *Held:* The fact that the contingent limitation over to the ultimate charities would not vest until the expiration of the complete period permitted by the rule against perpetuities does not violate that rule.

APPEAL by plaintiffs from *Riddle, S. J.,* June 12, 1964, "D" Session of MECKLENBURG.

Action for interpretation of certain provisions of a will.

Plaintiffs are heirs at law and next of kin of Joseph Jenkins Farnan, late of Mecklenburg County, who died testate 27 March 1963. His will and a codicil thereto (together hereinafter referred to as "will") have been duly probated and recorded. The First Union National Bank has qualified as executor and is acting as such. The inventory shows that the value of the estate at testator's death was $242,279.46 personal property, $25,000 real estate.

Item VI of the will (as amended by the codicil) is in pertinent part as follows:

"All of the rest, residue and remainder of all property . . . I devise and bequeath to Union National Bank of Charlotte . . . in trust . . . for the following uses and purposes . . .

"The Trustee shall . . . manage . . . invest and reinvest any and all funds and properties . . . and . . .

"(a)    Six months after the date of my death, and semi-annually thereafter, the Trustee shall pay to each of my nieces and nephew hereinafter named (plaintiffs in this action) who are living at the time the payments become due, the sum of One Hundred Twenty Dollars ($120.00), the payments . . . to continue during the lifetime of each of said beneficiaries . . ."

. . . . . .

"(c) I direct that upon the date that all of my nieces and nephew above named shall be dead the trust estate shall continue to be held in trust for a period of twenty years from such date and shall be invested and reinvested and the income therefrom accumulated. At the expiration of said twenty years the Trustee shall as soon as practicable after the Roman Catholic Church of the Diocese of North Carolina has in writing expressed its willingness to accept and use such fund for the purpose hereinafter stated, pay and distribute, free of any trust, to the Roman Catholic Church of the Diocese of North Carolina, all of the remainder of the principal or corpus of the said trust fund and its accumulations, to be used for the following purpose and upon the following stated conditions: The trust fund shall be matched by an amount equal to the amount of said trust and the total amount thus derived shall be used to construct and equip a Catholic Church in the City of Charlotte, North Carolina. The church so constructed shall be named either St. Mary's Catholic Church or St. Joseph's Catholic Church, and the name which is selected shall be the name of said church forever. This gift to the Roman Catholic Church of the Diocese of North Carolina is made upon the express condition that the above specified conditions shall be strictly complied with in each and every detail.

"If, however, the Roman Catholic Church of the Diocese of North Carolina, at any time within one year after the expiration of the twenty year period following the death of the survivor of my nieces and nephew, above named, in writing declines to accept the said gift upon the said terms, or if at the end of said one year, it has not affirmatively elected to accept said gift upon said terms, then I direct that the Trustee shall pay and distribute the said trust fund, free of any trust, to certain charitable institutions located in western North Carolina, which are supported, maintained and operated by the Episcopal, Methodist, Baptist and Lutheran denominations of the Christian Church for the care and keeping of orphans and needy children of the white race. Said institutions shall be well established which shall be determined by their having been in existence at the time of my death. The institutions to receive the said trust fund shall be selected by the trustee in its absolute discretion and shall number five, unless there shall be less than this number which qualify under the terms of my will, in which case the distribution shall be to said number. The distribution of the said trust fund among said institutions shall be made

upon the basis of the proportionate number of children cared for by each at the time payment and distribution is made, and the amount so received by each institution shall be used by the duly constituted authorities of said institution for such purposes, at such times and in such manner as they may deem proper. By way of explanation I will say that by western North Carolina I mean the counties of Alleghany, Wilkes, Caldwell, Burke, and Rutherford and all North Carolina counties lying west of those named."

Being of the opinion that the foregoing provisions for religious and charitable purposes are void for vagueness and uncertainty and in violation of the rule against perpetuities, plaintiffs instituted this action for construction of these provisions.

Jury trial was waived. At the close of plaintiffs' evidence defendants moved for nonsuit. The court, being of the opinion that the challenged provisions of the will are valid and do not violate the rule against perpetuities, allowed the motion and entered judgment dismissing the action. Plaintiffs appeal.

*Clayton & London for plaintiffs.*

*Harkey, Faggart, Coira and Fletcher for defendant First Union National Bank, Executor and Trustee.*

*Bradley, Gebhardt, DeLaney and Millette; Francis J. Heazel and Joseph C. Gaither for defendant Vincent S. Waters.*

MOORE, J. This appeal presents for discussion and decision two questions or propositions.

(1) Plaintiffs make the following contentions: The provisions of the will are vague and uncertain in that it contains no guide, formula or instructions by which testator's wishes with respect to the Roman Catholic Church of the Diocese of North Carolina (hereinafter "church") might be carried out or the time within which the specified conditions imposed must be met and complied with. The gift to the church is contingent and not vested. The contingency arises by reason of certain conditions precedent which must be performed before title vests. These conditions are that the trust funds are to be matched and the combined total used to build and equip a church in Charlotte to be permanently named St. Mary's or St. Joseph's — these "specified conditions must be strictly complied with in each and every detail." The language of the will indicates the positive intention that title shall not pass to the church unless and until these conditions are met. There is a possibility that the specified conditions might not be performed or

capable of performance within the period of time limited by the rule against perpetuities, and therefore the purported gift to the church is void.

The rule against perpetuities requires that an estate vest not later than twenty-one years, plus the period of gestation, after the life or lives of persons in being at the time of the creation of the estate, and if there is a *possibility* that a future interest may not vest within the time prescribed the gift or purported estate is void. The rule is one of law and not of construction, and is to be applied even if it renders the express intent of the testator impossible of accomplishment. *Parker v. Parker,* 252 N.C. 399, 113 S.E. 2d 899. The period of gestation cannot be added in computing the time unless gestation is in fact then taking place. 70 C.J.S., Perpetuities, § 4, p. 580. It is obvious that the period of gestation may not be added in the instant case.

In our opinion plaintiffs misconstrue the provisions of the will with respect to the gift to the church. We agree that the gift to the church is subject to a condition precedent and is contingent. But the performance of the specifications which plaintiffs denominate "conditions precedent" is not related to the vesting of title. The plain and clear provision with respect to vesting is: "At the expiration of the said twenty years (after the death of the last surviving niece or nephew) the Trustee shall as soon as practicable after the . . . Church . . . *has in writing expressed its willingness to accept and use such fund for the purpose* hereinafter stated, pay and distribute, free of any trust, to the . . . Church . . . all of the remainder of the principal or corpus of said trust fund and its accumulations . . ." A time limit of one year within which the church may accept is imposed. It is the acceptance in writing that will vest title, and the acceptance must be made within the year or "at the end" of the year. That the trustee is allowed indefinite additional time ("as soon as practicable") to pay and distribute the fund to the church after acceptance, does not prevent the vesting of title upon acceptance. *Stellings v. Autry,* 257 N.C. 303, 126 S.E. 2d 140; *Fitchie v. Brown,* 211 U.S. 321; *English v. Cliff* (1914), 2 Ch. 376. The gift to the church does not violate the rule against perpetuities.

After stating the purpose of the gift and how it is to be carried out, the will states that the gift to the church is made "upon the express condition that the . . . specified conditions must be strictly complied with in each and every detail." This does not mean that an equal sum must be added to the fund, a church building constructed and equipped, the church be named and the name remain unchanged *forever,* before the donee shall be entitled to the fund. The fund shall be *used* for these purposes. The effectuation of these purposes are not conditions prece-

dent to vesting of title to the fund. Any further interpretation of the last quoted provision is not necessary to a decision of this case. Should the church accept the gift in apt time, receive the fund, and fail in any particular to carry out the listed purposes, interested parties may then present the matter to the courts. The courts have no jurisdiction to enter anticipatory judgments. *Little v. Trust Co.*, 252 N.C. 229, 243, 113 S.E. 2d 689.

With reference to any question of vagueness or uncertainty as to any part of the challenged provisions of the will, see G. S. 36-21; G.S. 36-23.1.

(2). Plaintiffs further contend that under the provisions of the will there is a possibility that the church will neither decline nor accept the gift in writing. This possibility must be conceded. Plaintiffs say that, in such event, the time for vesting title in the alternate charitable donees will be beyond the period permitted by the rule, and for this reason the purported bequests to church or charitable institutions (western North Carolina orphanages) are void. This is the contention upon which plaintiffs principally rely in this case.

The provision for gift over to the western North Carolina orphanages is that if the church "at any time within one year after the expiration of the twenty year period following the death of the survivor of my nieces and nephew, above named, in writing declines to accept the said gift upon the said terms, or if *at the end* of said one year, it has not affirmatively elected to accept said gift upon said terms, then I direct that the Trustee shall pay and distribute the said trust fund, free of any trust, to" the orphanages specified. It is our opinion that the gift to the orphanages would timely vest under the above language. The applicable rule in this situation is stated as follows: "The fact that by the terms of the instrument creating the future interest, such interest is to arise immediately at the expiration of the period of the rule rather than at some point 'within' the period, should not violate the rule. Thus, a trust that is to arise 'at the expiration' of a gross term of twenty-one years has been held to be good, the term being held to end and the trust to arise at the same instant." 41 Am. Jur., Perpetuities and Restraints on Alienation, § 20, p. 65; *English v. Cliff, supra.* See also *Kolb v. Landes,* 115 N.E. 539 (Ill.); *In re Lewis' Estate,* 37 A. 2d 487 (Pa.); *Singer v. Singer,* 230 S.W. 2d 242 (Tex.). We find no authority to the contrary.

Affirmed.