C. W. BANNER, JR., AS EXECUTOR AND TRUSTEE UNDER THE LAST WILL AND
    TESTAMENT OF C. W. BANNER, DECEASED, AND C. W. BANNER, JR., IN-
    DIVIDUALLY v. NORTH CAROLINA NATIONAL BANK (FORMERLY SE-
    CURITY NATIONAL BANK OF GREENSBORO), TRUSTEE FOR CHARLES WHIT-
    LOCK BANNER, JR., JOSEPHINE ENGLE BANNER, ROBERT
    GLENN BANNER, WILLIAM FAWCETT BANNER, AND DANIEL
    WHITLOCK BANNER, AND JOSEPHINE ENGLE BANNER, INDIVID-
    UALLY, ROBERT GLENN BANNER, INDIVIDUALLY, WILLIAM FAWCETT
    BANNER, INDIVIDUALLY, AND DANIEL WHITLOCK BANNER, INDI-
    VIDUALLY, AND ELIZABETH YOUNG BANNER, BENEFICIARIES UNDER
    THE WILL OF C. W. BANNER, DECEASED.

(Filed 14 January, 1966.)

**Wills § 50—**

> By virtue of the provisions of G.S. 36-23.1, direction that after a life
> estate to testator's widow, testator's home should be given to some charity
> to be selected by the executor, testator's son, is not void for indefiniteness.

APPEAL by plaintiff, C. W. Banner, Jr., as Executor, Trustee, and
Individually, from *Johnston, J.,* October 4, 1965 Civil Session,
GUILFORD Superior Court, Greensboro Division.

The plaintiff in his several capacities instituted this civil action
to have the court construe the will, including the codicils, of C. W.
Banner, Deceased, and to instruct the plaintiff as to his duties as
executor and trustee.

The parties stipulated that C. W. Banner died on August 30,
1964, a resident of Guilford County — leaving a last will dated
November 13, 1950, which, with a number of codicils, was probated
in common form on September 2, 1964. The testator left surviving
the defendant, Elizabeth Young Banner, his widow, the plaintiff,
C. W. Banner, Jr., his son and only child by a former marriage. On
January 29, 1965, the widow, electing to share in the estate as in
case of intestacy, filed her dissent to the will.

Item 6 of the will provided: "If my wife, Elizabeth Young Ban-
ner, survives me, I give and devise to her, for and during the term
of her natural life, my residence property (including the house, lot
and outbuildings) known as No. 808 North Elm Street, Greensboro,
North Carolina. If my said wife predeceases me, or upon her death
after my death, if she survives me, I give and devise the above-
mentioned residence property known as No. 808 North Elm Street,
Greensboro, North Carolina, to the then living issue of my son,
Charles W. Banner, Jr., *per stirpes.*"

A codicil dated November 1, 1955, provided: "It is my will that
our home, 808 North Elm Street, shall be given to some charity or-
ganization same to be selected by my Executor after the death of

my wife, Elizabeth, together with all the furniture and fixtures not desired by my son, Chas. W. Banner, Jr."

The court appointed Mr. Bryce R. Holt, Attorney, guardian *ad litem* to represent and answer for William Fawcett Banner, Daniel Whitlock Banner, minor sons of C. W. Banner, Jr., and other unborn remaining issue of Charles W. Banner, Jr., living at the death of the life tenant.

All necessary parties were adjudged to be before the court which rendered judgment that the codicil dated November 1, 1955, is "legally invalid and of no effect." The judgment provided further that the estate be taxed with the costs. Judge Johnston did not pass on any other question. The plaintiff, in all capacities, excepted and appealed.

*Frazier & Frazier, Smith, Moore, Smith, Schell & Hunter for plaintiff appellant.*

*D. Newton Farnell, Jr., for defendant Elizabeth Young Banner, appellee.*

*Bryce R. Holt, attorney for Guardian Ad Litem and for Josephine Engle Banner and Robert Glenn Banner defendant appellees.*

HIGGINS, J. The judgment appealed from held invalid and of no effect the codicil giving the executor power to select the "charity organization" to receive the gift of the home on North Elm Street as contemplated by the codicil dated November 1, 1955. The validity of the judgment holding the codicil invalid is the only question presented on this appeal.

The appellees successfully contended that the codicil is invalid "by reason of uncertainty and indefiniteness as to the object and individuals to be benefited under the terms thereof." They cite copious authority in support of the view, contending, "The scheme of charity must be sufficiently indicated or a method must be provided whereby it may be ascertained and its objects made sufficiently certain to enable the court to enforce an execution of the trust according to the scheme." 10 Am. Jur., Charities, pp. 643, 644; *Holland v. Peck*, 37 N.C. 255; *Weaver v. Kirby*, 186 N.C. 387, 119 S.E. 564; *Gaston County United Dry Forces v. Wilkins*, 211 N.C. 560, 191 S.E. 8; *Woodcock v. Wachovia Bank & Trust Co.*, 214 N.C. 224, 199 S.E. 20.

After the decision in *Woodcock* (1938) holding a bequest invalid for indefiniteness, the General Assembly enacted Ch. 630, now codified as G.S. 36-23.1, which provides:

"1.  Declaration of Policy. — It is hereby declared to be the policy of the State of North Carolina that gifts, transfers, grants, bequests, and devises for religious, educational, charitable, or benevolent uses or purposes, or for some or all of such uses or purposes, are and shall be valid, notwithstanding the fact that any such gift, transfer, grant, bequest, or devise shall be in general terms, and this section shall be construed liberally to effect the policy herein declared.

"2.  No Gift, Transfer, etc., Invalid for Indefiniteness. — No gift, transfer, grant, bequest, or devise of property or income, or both, in trust or otherwise, for religious, educational, charitable, or benevolent purposes, or for some or all of such purposes, is or shall be void or invalid because such gift, transfer, grant, bequest, or devise is in general terms, or is uncertain as to the specific purposes, objects, or beneficiaries thereof, or because the trustee, donee, transferee, grantee, legatee, or devisee, or some or all of them, is given no specific instructions, powers, or duties as to the manner or means of effecting such purposes. When any such gift, transfer, grant, bequest, or devise has been or shall be made in general terms the trustee, donee, transferee, grantee, legatee, or devisee, or other person, corporation, association, or entity charged with carrying such purposes into effect, shall have the right and power; to prescribe or to select from time to time one or more specific objects or purposes for which any trust or any property or income shall be held and administered; to select or to create the machinery for the accomplishment of such objects and purposes, selected as hereinabove provided, or as provided by the donor, transferor, grantor, or testator, including, by way of illustration but not of limitation, the accomplishment of such objects and purposes by the acts of such trustee or trustees, donee, transferee, grantee, legatee, or devisee, or their agents or servants, or by the creation of corporations or associations or other legal entities for such purpose, or by making grants to corporations, associations, or other organizations then existing, or to be organized, through and by which such purposes can or may be accomplished, or by some or all of the said means of accomplishment, or any other means of accomplishment not prohibited by law."

The section is referred to in *Bennett v. The Attorney General,* 245 N.C. 312, 96 S.E. 2d 46 (1957), and in *Farnan v. Bank,* 263 N.C. 106, 139 S.E. 2d 14 (1964).

By the terms of the codicil the testator's son, as executor of the will, is given power to select the recipient of the gift. The selection

is limited to a "charity organization." It is not difficult to understand the testator's purpose in giving the power of appointment to his son as executor to be exercised at the death of the life tenant. The subject of the bequest is not money but the Banner home. Not all "charity organizations" are likely to be in a position equally to make effective use of the devise. The home, of course, might fit better into the work of one charity organization than in others. The testator, in giving power of selection by the codicil, trusted to his son to make a wise and proper selection as of the time selection was required.

Under the law as it existed at the time *Woodcock* and the other cases referred to were decided, the rules of interpretation would require us to hold the gift in such general terms as void for indefiniteness. At the time the cases were decided a testator did not have the benefit of authority conferred by Ch. 630, Public Laws of 1947, G.S. 36-23.1. The section spells out in such language as will not permit us to misunderstand what the lawmaking power meant. We hold the General Assembly acted within its competence in enacting Chapter 630. We hold, likewise, that the section authorized the testator to make the gift of his home in the manner set forth in the codicil. In declaring the codicil invalid, the court was in error. The attorneys have favored us with a concise record and excellent arguments, both orally and by brief.

The judgment, except as to costs, is

Reversed.