JENNIFER J. BROWN, BY HER LEGAL GUARDIAN, NEXT FRIEND, ROBERT F. BROWN, v. CHARLOTTE-MECKLENBURG BOARD OF EDUCATION.

(Filed 22 March, 1967.)

**1. Appeal and Error § 49—**

The correctness of findings of fact to which no exception is entered is not presented for review.

**2. Same—**

Findings of fact supported by competent evidence are conclusive on appeal.

**3. Same—**

Findings which present mixed questions of law and fact are review-able.

**4. State § 5f—**

The determinations of the questions of negligence, proximate cause, and contributory negligence in a proceeding under the Tort Claims Act involve mixed questions of law and fact and are reviewable.

**5. Same—**

Upon appeal from the Industrial Commission in a proceeding under the Tort Claims Act, the court may not find facts in addition to those found by the Industrial Commission, even though there be evidence of record to support such additional findings. G.S. 143-293.

**6. State § 5d— Evidence held sufficient to sustain conclusion that school bus driver was negligent in striking child.**

The Commission's findings that the driver of a school bus, for a substantial distance before he reached children waiting to board the bus, could see the children, that the children were pushing and shoving and some of them were banging on the door of the bus as it slowed to some two miles per hour, that one of the children was standing upon the street pavement near the gutter, there being no sidewalk, and that the driver drove the bus into this child and permitted the bus to move forward five feet after the child's head disappeared under the right front fender of the bus, *held* sufficient to sustain the conclusion of negligence on the part of the driver and, the child being only 12 years old, the evidence does not require a finding of contributory negligence on the part of such child.

**7. Negligence § 16—**

A 12 year old child is presumed incapable of contributory negligence.

**8. State § 5f—**

The amount of the award of damages in a proceeding under the State Tort Claims Act rests in the discretion of the Industrial Commission, and an award will not be set aside as excessive unless it is so large as to shock the conscience.

PLESS, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Jackson, J.,* at the 17 October 1966 Schedule "C" Civil Session of MECKLENBURG.

This is a proceeding instituted in the North Carolina Industrial Commission pursuant to the Tort Claims Act, G.S. 143-291, *et seq.*, to recover damages for personal injuries sustained by the minor plaintiff when struck and run over by a public school bus.

The Industrial Commission entered its order directing the defendant to pay damages to the plaintiff. That order was before this Court in *Brown v. Board of Education,* 267 N.C. 740, 149 S.E. 2d 10. Upon that appeal the matter was ordered remanded to the Industrial Commission for a finding by it as to whether the salary of the driver of the bus was paid from the State nine months' school fund.

Upon such remand the parties stipulated before the Commission that at the time of the injury the driver "was a duly certified school bus driver, that his salary was paid as a school bus driver from the State nine months' school fund, and said driver, at the time in question, was operating a public school bus in the course of his employment by Charlotte-Mecklenburg Board of Education." The Commission thereupon amended its former decision and order so as to incorporate this stipulation therein. From the order, so amended, directing the defendant to pay to the guardian of the minor plaintiff damages in the sum of $7,500, together with the costs of the proceeding, the defendant appealed to the superior court. That court sustained certain of the exceptions by the defendant to the order of the Commission and entered its judgment that the plaintiff recover nothing from the defendant and that the proceedings be dismissed at the cost of the plaintiff. From the judgment of the superior court, the plaintiff now appeals.

The order of the Industrial Commission sets forth the above mentioned stipulation, and the stipulation that "the accident occurred at the intersection of Robin Hood Road and Shady Bluff Drive in Charlotte, North Carolina, on February 5, 1963, at about 8:05 in the morning." Under the caption "Findings of Fact," the Industrial Commission, in addition to numerous findings as to the nature and extent of the injuries and the treatment given the plaintiff therefor, included the following:

"1. * * * [A]t this intersection both streets are paved, and at the northeast intersection there is a shallow, drain-like gutter, which is concrete, and that the pavement is asphalt; that beyond the drain-like gutter there is a residential yard, which is grassed, and on the occasion complained of the weather was fair, and there were several children waiting at this intersection; that the defendant's driver was able to see the children for some distance up Robin Hood Road, he approached

said intersection from the east, traveling in a westerly direction; that the plaintiff herein was standing with her feet on the asphalt section of the highway, and next to her was her sister, who was standing in the drain-like gutter, the plaintiff being on her sister's right.

"2. That as the defendant's driver approached the stop he saw the children, who were divided into two groups, * * * standing at the side of the road; the children were pushing and shoving; as the defendant's driver approached these groups he slowed the bus and pulled somewhat to the left of the curb, was traveling about two miles per hour, looking over the right front fender, the boys started to pound on the door before the bus stopped, and just before the bus came to a complete stop the driver saw the plaintiff's head disappear under the right front fender, the bus moving approximately five feet after plaintiff's head disappeared under the right front fender.

"3. That the plaintiff herein was struck by the right front fender of the defendant's bus, which knocked her down, and the right front wheel of the bus thereafter rolled over the plaintiff.

\*        \*        \*        \*

"13. That the plaintiff's injuries herein were occasioned by the negligence of the defendant's driver in approaching the plaintiff and the other children at the intersection without that high degree of care and caution engendered by the circumstances.

"14. That the plaintiff sustained damages by reason of the negligence of the defendant's driver in the amount of $7,500.00, and that such negligence was the proximate cause of the plaintiff's damages.

"15. That the plaintiff did not contribute to the damages sustained by any negligence on her part."

The Commission thereupon concluded: (1) That the plaintiff's injuries were proximately caused by the negligence of the driver of the bus in the operation of the school bus "without due caution and without due care in approaching the children gathered at the intersection"; (2) that the plaintiff sustained damages in the amount of $7,500 by reason of such negligence; and (3) that the plaintiff was not guilty of contributory negligence.

The superior court sustained the exceptions by the defendant to the Commission's findings of fact 13 and 14, and to each of the above mentioned conclusions contained in the order of the Commission. The judgment of the court states:

"[T]he Court concludes * * * that the essential facts found by the Commission are insufficient to support its ultimate findings and conclusions of law and that the facts found by the Commission do not constitute negligence on the part of the driver but negative the existence of negligence."

*Welling & Miller for plaintiff appellant.*
*Brock Barkley for defendant appellee.*

LAKE, J. The defendant did not except to the Commission's "Findings of Fact" 1, 2 and 3. The correctness of these findings is, therefore, not before us for review. *Greene v. Board of Education*, 237 N.C. 336, 75 S.E. 2d 129. In any event, each of the findings incorporated in these paragraphs of the Commission's order is amply supported by evidence in the record and is, therefore, conclusive on appeal. G.S. 143-293.

Items 13, 14 and 15, included by the Commission under the designation "Findings of Fact," are, however, mixtures of findings of fact and conclusions of law and, therefore, were subject to review by the superior court, and by us, on appeal. As stated by Ervin, J., speaking for the Court in *Woodard v. Mordecai*, 234 N.C. 463, 67 S.E. 2d 639, "Whether a statement is an ultimate fact or a conclusion of law depends upon whether it is reached by natural reasoning or by an application of fixed rules of law." The determination of negligence, proximate cause and contributory negligence requires an application of principles of law to the determination of facts. These are, therefore, mixed questions of law and fact and so are reviewable on appeal from the Commission, the designation "Finding of Fact" or "Conclusion of Law" by the Commission not being conclusive.

Upon an appeal from the Industrial Commission, the reviewing court may not find facts in addition to those found by the Commission, even though there is in the record evidence to support such a finding, the appeal being "for errors of law only." G.S. 143-293.

Consequently, the question for the superior court and for this Court is whether the facts found by the Commission are sufficient to support its conclusion that the driver of the bus was negligent. We hold that they are sufficient to support such conclusion. The Commission has found that for a substantial distance before he reached the children the driver could see them and that the plaintiff was standing upon the street pavement near the gutter, there being no sidewalk; the driver did see the children, some of whom were pushing and shoving as he approached; though going only two miles per hour, he drove the bus into the plaintiff and permitted it to continue to move forward five feet after she fell in front of the

wheel. In *Greene v. Board of Education, supra,* Barnhill, J., later C.J., speaking for the Court, said:

> "We have repeatedly held that the presence of children on or near a highway is a warning signal to a motorist. He must recognize that children have less capacity to shun danger than adults; * * * This duty to exercise a high degree of caution in order to meet the standard of care required of a motorist when he sees or by the exercise of ordinary care should see children on a highway applies with peculiar emphasis to the operator of a school bus transporting children to their homes after school." (Citations omitted.)

Of course, the same duty rests upon the driver of a school bus picking up children for transportation to their schools. No doubt, on this occasion, the attention of the driver was attracted by the boys who were pounding on the door of the bus. Having observed that some of the children were rather exuberant and unruly, reasonable care for the safety of his charges would require him to stop the bus before reaching the group or to swing it well out to the left, which he could have done in safety since there was no other traffic on the street and, in any event, all other traffic would be required to stop in obedience to his display of the "Stop" signal. To continue on until the bus struck down the plaintiff whom he had seen standing in the street was negligence.

The plaintiff, being only twelve years of age, is presumed incapable of contributory negligence. *Weeks v. Barnard,* 265 N.C. 339, 143 S.E. 2d 809. The Commission did not find such negligence by her and the evidence is not sufficient to require such a finding.

Commissioner Bean dissented from the order of the Commission on the ground that the award was excessive. The amount of damages to be awarded is a matter which the statute leaves to the discretion of the Commission. G.S. 143-291. While the damages awarded in the present instance appear somewhat disproportionate to the Commission's findings as to the nature and extent of the injury, the award is not so large as to shock the conscience and, therefore, the order of the Commission may not be disturbed on that account.

The superior court was in error in sustaining the exceptions by the defendant to the order of the Commission. Its judgment must, therefore, be reversed and the cause remanded to the superior court for the entry of a judgment affirming the order of the Industrial Commission.

Reversed and remanded.

PLESS, J., took no part in the consideration or decision of this case.