## IN RE FORECLOSURE OF FIRST RESORT PROPERTIES

[94 N.C. App. 99 (1989)]

IN THE MATTER OF: THE FORECLOSURE OF THE DEED OF TRUST EXE-
CUTED BY FIRST RESORT PROPERTIES OF N.C., INC. TO SAMUEL
H. POOLE, TRUSTEE, AND CHARLES BILLINGS AND WIFE, JANICE BIL-
LINGS, BENEFICIARIES, RECORDED IN BOOK 362, PAGE 546, MOORE COUNTY
REGISTRY

No. 8820SC1022

(Filed 6 June 1989)

**Uniform Commercial Code § 34— checks from bank to attorney— en-
dorsement payable to petitioner— endorsement by petitioner
in blank— payment of underlying promissory notes**

Where petitioner made loans to a corporation and received
notes of $79,300 and $90,000 secured by deeds of trust on
two condominium units; a savings and loan association trans-
ferred funds in the amount of $169,300 to a bank; the bank
issued checks for $79,300 and $90,000 payable to an attorney;
annotations on the checks stated that they were issued in
payment of the amounts due on the condominium loans; the
attorney endorsed both checks payable to the debtor corpora-
tion; the checks were then endorsed by the corporation's vice-
president payable to the order of petitioner; petitioner en-
dorsed the checks in blank; petitioner received a check for
$64,300 and a deposit slip showing a $105,000 deposit into
the corporation's account; and the notes and deeds of trust
have not been canceled, it was *held* that (1) the checks were
negotiable instruments, (2) petitioner was a holder of the checks,
(3) the checks were taken as full payment for the entire debt
evidenced by the promissory note, (4) there was payment in
full of the promissory note obligations under N.C.G.S.
§ 25-3-802(1)(a), and (5) actions to foreclose the deeds of trust
were thus properly dismissed.

Judge GREENE dissenting.

APPEAL by petitioners from *Helms (William H.), Judge.* Order
entered 6 June 1988 in Superior Court, MOORE County. Heard
in the Court of Appeals 13 April 1989.

*Jack E. Carter for petitioners-appellants Charles and Janice
Billings.*

*Parham, Helms and Kellam, by Raymond L. Lancaster and
William H. Trotter, Jr., for respondent-appellee Berkeley Federal
Savings and Loan Association.*

IN RE FORECLOSURE OF FIRST RESORT PROPERTIES

[94 N.C. App. 99 (1989)]

LEWIS, Judge.

This appeal, No. 8820SC1022, concerns a proceeding to foreclose on a Deed of Trust securing a debt plus interest of $79,300.00. A companion appeal, No. 8820SC1023, relates to a proceeding to foreclose on a Deed of Trust securing a debt plus interest of $90,000.00. On behalf of petitioners, the substitute trustee petitioned the Clerk of Superior Court of Moore County for foreclosure of both Deeds of Trust. On 29 February 1988, the clerk entered an order allowing foreclosure on both Deeds of Trust. Berkeley Federal Savings and Loan Association and Charles Gordon Brown, trustee, gave notice of appeal to the superior court.

The parties submitted the following written stipulations, which apply to both Deeds of Trust, to the superior court:

1. That on February 1, 1984 Petitioners Charles and Janice Billings made loans to First Resort Properties of N.C., Inc. in the amount of of [sic] $59,300.00 and $70,000.00.

2. That in return for the money lent, First Resort gave Petitioners promissory notes in the amount of $79,300.00 and $90,000.00 respectively.

3. That the promissory note for $79,300.00 was secured by a Deed of Trust on a piece of real property located in Moore County, North Carolina known as unit 109 Foxgreen Villas Condominiums and now known as unit 309 Foxgreen Villas Condominiums; and the $90,000.00 loan was secured by a Deed of Trust on a piece of real property located in Moore County, North Carolina known as Unit 1 of Foxcroft Villas Condominiums and now known as Unit 235 Foxcroft Villas Condominiums.

4. That both Deeds of Trust were recorded in the Moore County Public Registry.

5. That Berkeley Federal Savings and Loan Association transferred funds in the amount of $169,300.00 to Mid-South Bank in Sanford, North Carolina and Mid-South Bank issued checks payable to James E. Holshouser, Jr., attorney, in the amount of $79,300.00 and $90,000.00.

6. That the front of the $79,300.00 check from Mid-South to Holshouser had been annotated by Mid-South Bank 'Payoff

of Unit 309'; and the front of the $90,000.00 check from Mid-South to Holshouser had been annotated 'Payoff of Unit 235'.

7. That James E. Holshouser, Jr. endorsed both checks payable to First Resort Properties, Inc., the debtor on both notes and Deeds of Trust.

8. That in the presence of Holshouser the two checks were endorsed by John Mitchell, Jr., Vice-president of First Resort Properties, Inc. payable to the order of Charles Billings.

9. That both checks contained the purported signature of Charles Billings and said signature has been analyzed by handwriting experts and the Court may find as a fact that said signatures are the signatures of Charles Billings.

10. That the $79,300.00 check and the $90,000.00 check were paid by Mid-South Bank on March 6, 1984.

11. That from the proceeds of the above-described checks, Charles Billings received an official check in the amount of $64,300.00 and a deposit was made to the account of First Resort Properties, Inc. in the amount of $105,000.00; both said transactions occurring on March 6, 1984.

12. That Charles Billings was furnished a copy of the deposit slip showing the deposit of $105,000.00 to the account of First Resort Properties, Inc. at the time he received the official check of $64,300.00.

13. That at all times Charles Billings was acting as agent for his wife Janice Billings with regard to any transaction surrounding this claim.

14. That the notes and Deeds of Trust dated February 1, 1984 have not been cancelled.

15. That the sole issue for the Court to determine is whether or not the endorsement of Charles Billings on the $79,300.00 and $90,000.00 checks constitute payment and satisfaction of the notes and Deeds of Trust dated February 1, 1984.

Based upon these stipulations, the promissory notes and the Deeds of Trust, the trial court made findings of fact and conclusions of law. On 6 June 1988, the trial court vacated the clerk's orders allowing foreclosure and dismissed both foreclosure actions. Petitioners appeal.

Petitioners bring forward three assignments of error. First, they contend the trial court erred in concluding the note had been paid in full in that there is no evidence to show the checks or their proceeds were received by petitioners. Second, they assign error to the court's conclusion that endorsement of the checks constitutes satisfaction of the indebtedness. Finally, plaintiffs contend the trial court erred in concluding the note was paid in full in that there is insufficient evidence to show the parties intended the underlying debt to be satisfied. We have reviewed petitioners' assignments of error and conclude the trial court's order should be affirmed.

Petitioners contend the Mid-South checks were not taken in satisfaction of the entire debt evidenced by the promissory notes. They contend the debts were satisfied only to the extent of $64,300.00 ($32,150.00 per note), the amount of the official check Charles Billings admits receiving. Respondent contends that Charles Billings' endorsement of the Mid-South checks, payable for the exact amount of the indebtedness and marked on the front as payment for the two condominium loans, evidences payment in full.

The North Carolina Uniform Commercial Code provides:

Any writing to be a negotiable instrument within [Article Three] must

(a) be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money and no other promise, order, obligation or power given by the maker or drawer except as authorized by this article; and

(c) be payable on demand or at a definite time; and

(d) be payable to order or to bearer.

G.S. 25-3-104(1). Article Three also "applies to any instrument whose terms do not preclude transfer and which is otherwise negotiable within this article but which is not payable to order or to bearer." G.S. 25-3-805. The checks issued by Mid-South Bank payable to James E. Holshouser, Jr. are negotiable instruments within the scope of Article Three. "Unless otherwise agreed where an instrument is taken for an underlying obligation . . . the obligation is pro tanto discharged if a bank is drawer, maker or acceptor of the instrument and there is no recourse on the instrument against

the underlying obligor." G.S. 25-3-802(1)(a). Therefore, if the Mid-South checks were taken to pay off the two promissory notes on the condominiums, the debt on the two promissory notes is discharged pro tanto, to the extent of payment made.

"The liability of any party is discharged to the extent of his payment or satisfaction to the holder." G.S. 25-3-603(1). To the extent payment was made to a holder of the Mid-South checks, liability on the checks is discharged. Charles Billings was a holder of the Mid-South checks. The checks were endorsed to him and he endorsed the checks in blank. Annotations on each check note that the check was in payment of the amounts due on the condominium loans. Petitioners contend that since there is no stipulation that Charles Billings was ever in possession of the Mid-South checks, the trial court could not conclude he was a holder of the checks. We disagree. It is true that "[i]t is the fact of possession which is significant in determining whether a person is a holder, and the absence of possession defeats that status." *In re Foreclosure of Connolly v. Potts*, 63 N.C. App. 547, 550, 306 S.E. 2d 123, 125 (1983). However, the stipulations show that Charles Billings signed the backs of the Mid-South checks and received a check for $64,300.00 and a deposit slip showing a $105,000.00 deposit into First Resort Properties, Inc.'s account. The evidence is sufficient to show that Charles Billings was a holder of the checks and that he received payment on the checks. Therefore, there has been payment in full of the underlying obligation pursuant to G.S. 25-3-802(1)(a). The underlying debts have been discharged and the foreclosure actions were properly dismissed.

The judgment of the trial court is affirmed.

Affirmed.

Judge ARNOLD concurs.

Judge GREENE dissents.

Judge GREENE dissenting.

The trial judge conducted a hearing, without a jury, as required by N.C.G.S. Sec. 45-21.16(d) (1984). Pursuant to N.C.G.S. Sec. 1A-1, Rule 52(a)(1) (1983), the trial court entered findings of fact entirely consistent with the stipulated findings submitted to

the court. Based on those findings, the court entered the following conclusion:

> 1. That the receipt and endorsement by Charles Billings of the two (2) official Mid-South checks in the amounts of $90,000.00 and $79,300.00 respectively, constituted payment in full of the debts evidenced by the Notes secured by the Deeds of Trust referenced hereinabove, which Petitioners have sought to foreclose by this proceeding.

As the findings of fact are based on stipulated facts, they are supported by competent evidence in the record and are therefore conclusive on appeal. *See Heating & Air Conditioning Assoc., Inc. v. Myerly*, 29 N.C. App. 85, 89, 223 S.E. 2d 545, 548, *disc. rev. denied*, 290 N.C. 94, 225 S.E. 2d 323 (1976). However, as the court's conclusion involved legal questions, this court must determine *de novo* whether the undisputed facts are legally sufficient to support the conclusion. *Jones v. Andy Griffith Products, Inc.*, 35 N.C. App. 170, 174, 241 S.E. 2d 140, 142, *disc. rev. denied*, 295 N.C. 90, 244 S.E. 2d 258 (1978) (appellate court must determine if facts are "legally sufficient to support the conclusion"); *Davison v. Duke University*, 282 N.C. 676, 712, 194 S.E. 2d 761, 783 (1973) (conclusion involving interpretation of contract relating to intention of parties is a question of law, "subject to review on appeal"); *see Eaton v. Courtaulds of North America, Inc.*, 578 F. 2d 87, 90 (5th Cir. 1978) (conclusion of trial court as to contract interpretation is to be "considered afresh by [the appellate court] as a matter of law").

Without question, pursuant to the Uniform Commercial Code, the *checks* issued by the bank were negotiable instruments, Billings was the holder of those *checks* and liability on the *checks* was discharged upon payment of those checks by the issuing bank. That, however, does not resolve the question of whether the checks were "taken" as full payment for the underlying obligation on the notes and deed of trust. N.C.G.S. Sec. 25-3-802(1)(a) (1986) (where an instrument is taken for an underlying obligation, the obligation is pro tanto discharged). That question is not answered by the Uniform Commercial Code and can only be resolved by resort to traditional contract law. Under contract law, payment occurs where there is a delivery of money or its equivalent and acceptance "with intent in whole or in part" to pay the debt. *Wilkerson v. Metropolitan Life Ins. Co.*, 206 N.C. 882, 887, 175 S.E. 172, 174 (1934). On this issue, the debtor, First Resort Properties, had the burden of proof.

70 C.J.S. *Payment* Sec. 69, p. 57 (1987) ("burden of proving payment is on the party who alleges it").

In reviewing the undisputed facts, Billings' endorsement of the checks, with their notations, does not in my opinion rebut the presumption of nonpayment arising from Billings' possession of the uncanceled notes and deed of trust. *See* 70 C.J.S. *Payment* Sec. 73, p. 62 (1987) (presumption of nonpayment created by creditor's possession of the uncanceled note and deed of trust). Furthermore, the facts reveal Billings only received $64,300.00 of the $169,300.00 owed on the notes. Accordingly, I am of the opinion that the undisputed facts support a conclusion that full payment was *not* made and accepted and I would reverse the order of the trial court and allow the foreclosure proceeding to proceed. *See Continental Casualty Co. v. Funderburg*, 264 N.C. 131, 134, 140 S.E. 2d 750, 753 (1965) (Supreme Court rejected conclusion of trial court relating to intention of parties and entered different conclusion).