***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument of the parties. The appealing party has not shown good grounds to receive further evidence or rehear the parties or their representatives. Following its review, the Full Commission affirms the Decision and Order of the Deputy Commissioner, with minor modifications.
 ***********
The following documents were received in evidence at the hearing before the Deputy Commissioner:
 EXHIBITS
1. Stipulated Exhibit 1: Grievance documents
2. Stipulated Exhibit 2: Transfer trip ticket *Page 2 
3. Stipulated Exhibit 3: Lists of personal property
 *********** ISSUE
Plaintiff filed an Affidavit alleging that, through Defendant's negligence, he sustained damages when his personal property was lost.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On November 19, 2008, Plaintiff was an inmate at Scotland Correctional Institution.
2. On the same day, November 19, 2008, Plaintiff was to be transferred to Pasquotank Correctional Institution. As part of that transfer, Defendant's officers were to load Plaintiff's three bags of personal property onto the bus to Pasquotank. Plaintiff arrived at Pasquotank later that day, but his personal property did not.
3. Plaintiff filed a grievance, and Defendant's officers tried unsuccessful to locate his personal property.
4. As part of the grievance process, Defendant reimbursed Plaintiff $106.39 for items that he had purchased at the prison canteen. However, Plaintiff was not reimbursed for many other items that were lost in the transfer, including photographs of family members, Rastafarian crowns, books, address books and sunglasses.
5. Plaintiff was unable to testify as to the monetary value of the lost items for which he had not been reimbursed, but provided an exhibit with notations reflecting the value of the items for which he was not reimbursed. *Page 3 
6. The Full Commission finds that Stipulated Exhibit 3 submitted to the Deputy Commissioner reflects values for the lost items for which Plaintiff has not been reimbursed, and the approximate total is $92.00, with several items such as books, novels, pictures, and letters not reflecting an estimated value.
7. The Full Commission finds that Defendant's prior payment of $106.39 constitutes an award of damages and establishes the negligence of Defendant. The Full Commission further finds that Plaintiff is entitled to an award of damages for the lost items reflected on Stipulated Exhibit 3 for which Plaintiff has not been reimbursed.
 ***********
Based on the foregoing Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against departments, institutions and agencies of the state, including Defendant. Id.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State Univ., 321 N.C. 706 (1988).
3. Defendant, through its officers, had a duty to Plaintiff to use reasonable care to protect his personal property from loss while such property was in Defendant's custody and control. N.C. Gen. Stat. § 143-291(a); See Bolkhir v. N.C. StateUniv., 321 N.C. 706 (1988).
4. Defendant, through the conduct of its officers, breached its duty of reasonable care by allowing Plaintiff's personal property to be lost while it was in Defendant's custody and control. N.C. Gen. Stat. § 143-291(a); See Bolkhir v. N.C. StateUniv., 321 N.C. 706 (1988). *Page 4 
5. The loss of Plaintiff's book was actually and proximately caused by Defendant's negligence. N.C. Gen. Stat. § 143-291(a);See Bolkhir v. N.C. State Univ., 321 N.C. 706 (1988).
6. Plaintiff sustained monetary damages because of the loss of his personal property. A sum of $100.00 is a reasonable amount to compensate Plaintiff for his damages. N.C. Gen. Stat. § 143-291(a); See Bolkhir v. N.C. StateUniv., 321 N.C. 706 (1988).
7. Plaintiff is entitled to receive the sum of $100.00 from Defendant as monetary damages in this claim. N.C. Gen. Stat. § 143-291; Brown v. Charlotte-MecklenburgBd. of Educ., 269 N.C. 667, 153 S.E.2d 335 (1967).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDERED
1. Defendant SHALL pay to Plaintiff the sum of $100.00 as monetary damages.
2. Defendant shall pay the costs.
This the ___ day of June 2011.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER *Page 5 
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1