# Cox v. Keathley.

## (*Knoxville.* October 13, 1897.)

1. HOMESTEAD. *Conveyed only by joint deed of husband and wife.*

   The right of homestead can be conveyed and extinguished only by the joint deed of husband and wife, when that relation exists. (*Post, p. 523.*)

   Constitution construed: Art. XI., § 11.

   Code construed: § 3798 (S.); § 2939 (M. & V.); § 2114a (T. & S.).

   Cases cited and approved: Mash v. Russell, 1 Lea, 543; Hoge v. Holister, 2 Tenn. Chy., 606.

2. SAME. *Extinguished by deed of husband and wife without registration.*

   The joint deed of husband and wife, duly signed and acknowledged by both, is valid and effective as between the parties thereto without registration, and passes to the vendee and extinguishes the right of homestead in the lands conveyed (*Post, pp. 524–526.*)

   Code construed: §§ 3749, 3753 (S.); §§ 2887, 2891 (M. & V.); §§ 2072, 2076 (T. & S.).

---

### FROM ANDERSON.

---

Appeal from Chancery Court of Anderson County. H. B. LINDSAY, Ch.

J. A. FOWLER for Cox.

C. J. SAWYER for Keathley.

CALDWELL, J. Frances Cox, the widow of W. C. Cox, filed this bill to establish her claim of homestead in a certain fifty acres of land in Anderson County, and to recover its possession from J. R. Keathley. The Chancellor and the Court of Chancery Appeals, successively, dismissed the bill.

Many years anterior to the filing of the bill, the husband of complainant sold the land in question to the defendant, and executed a deed of conveyance. The complainant joined her husband in that deed, signing, making acknowledgment, and being privily examined with all the form and ceremony required by statute. After the deed was executed and properly authenticated for registration, it was delivered, but before placed in the hands of the Register, it was accidentally destroyed. To supply the loss, Cox executed and delivered another deed, in which the complainant refused to join. Cox acquired no other land, and after his death these proceedings were commenced by his widow, for the purposes and with the result already stated.

The latter deed, that executed by the husband alone, was not effective to pass the right of homestead against himself while he lived, or against the complainant after his death. The right of homestead can be conveyed only by the joint deed of husband and wife, when that relation exists. Const., Art. 11, Sec. 11; Code (T. & S.) § 2114*a*, (M. & V.) § 2939, (Shannon) § 3798; *Mash* v. *Russell*, 1 Lea, 543; *Hoge* v. *Holister,* 2 Tenn. Chy., 606.

The defendant contends, however, and the Chancellor and the Court of Chancery Appeals held, that the right of homestead passed under the first deed, which was executed by Cox and his wife jointly.

The complainant insists, on the other hand, that the deed in which she joined her husband never became operative as to her, because not registered, and, consequently, that it was his deed alone, in legal contemplation, and did not pass the right of homestead.

"Title 2" of "Part 2" of the Code relates to "rights of property," and "Chapter 3" of that title treats of the subject "of registration," in thirteen separate articles, which are divided into sections and subsections numbered consecutively. In the first section (Code, § 2030; M. & V., § 2837; Shannon, § 3697) of the first of these articles appear nineteen subsections, in which are enumerated as many different kinds of instruments that "may be registered." The fourth subsection relates to "all deeds for the absolute conveyance of any lands, tenements, or hereditaments, or any estate therein," and, by the comprehensiveness of its terms, includes all such deeds by whomsoever made, those executed by husband and wife as well as those executed by single persons. "Article 2" designates the "place of registration" for all of the instruments enumerated in the nineteen subsections of the first section of "Article 1;" and Articles 3 to 8, inclusive, prescribe the mode of acknowledging, proving, and certifying all of such

instruments, except those executed by husband and wife, as to which "Article 10" gives direction. The ninth article declares the "effect of registration" after proper execution and authentication.

In the second section of that article (Code, § 2072; M. & V., § 2887; Shannon, § 3749) the declaration is that "all of said instruments shall have effect between the parties to the same, and their heirs and representatives, without registration." The general designation, "all of said instruments," here used, means all of the instruments named in the nineteen subsections of the first section of "Article 1," and embraces deeds by husband and wife; and, therefore, their deeds, like all the other instruments included in those subsections, are, by the balance of the provision, to "have effect between the parties to the same, and their heirs and representatives, without registration." "Article 10" relates exclusively to "instruments executed by husband and wife." The introductory sentence of the first section of that article is as follows: "Every deed or other instrument of writing executed by husband and wife, and acknowledged or proved and registered in the manner hereinafter prescribed, shall bind them, their heirs or assigns." Code, § 2076; M. & V., § 2891; Shannon, § 3753.

This language, standing alone and construed without reference to preceding provisions of the chapters, would undoubtedly indicate that the Legislature intended to make registration a prerequisite to the

validity of any instrument executed by husband and wife, and that, too, as to the husband as well as to the wife, for no distinction is made between them. But it must be construed in connection with those other provisions, and, when that is done, the conclusion follows that instruments executed by husband and wife, with the requisite form and ceremony, like those executed by other persons, "have effect between the parties to the same, and their heirs and representatives, without registration."

W. C. Cox, the owner, and his wife, the complainant, on the one side, and the defendant, Keathley, on the other side, were "the parties to" the deed in question, and "between" them, "their heirs and representatives," it took "effect" according to its terms, from the time of its authentication; and being an absolute conveyance, it vested the title in the vendee, free from any right of homestead in Cox or in his widow.

Affirmed.