RONNER *v.* WELCKER.

*(Knoxville.* October 27, 1897.)

1. MARRIED WOMAN. *Certificate of acknowledgment not effectually impeached, when.*

A certificate of a Notary Public of acknowledgment of a deed of trust by a married woman cannot be effectually impeached, four years after the acknowledgment, by evidence of the Notary and the married woman that the deed of trust was not read over to her, nor its contents stated by the Notary, where the Notary failed to give the explanation because he reasonably supposed and believed, from the assurances and conduct of the married woman, that she thoroughly comprehended it. (*Post,* pp. 624–627.)

Code construed: § 3753 (S.); § 2891 (M. & V.); § 2076 (T. & S.).

Cases cited: Garth *v.* Fort, 15 Lea, 690; Currie *v.* Kerr, 11 Lea, 142; Shields *v.* Netherland, 5 Lea, 196; Edwards *v.* Boyd, 9 Lea, 206; Grotenkemper *v.* Carver, 9 Lea, 286; Montgomery *v.* Hobson, Meigs, 437; Finnegan *v.* Finnegan, 3 Tenn. Ch., 574.

2. COSTS. *How taxed in suit disclosing usury.*

Not the entire costs of the cause, but only the costs incident to the litigation over the question of usury, should be taxed to a creditor suing and recovering in part upon a usurious claim, under Code, § 4947 (S.), providing that a creditor who intentionally takes or reserves usurious interest shall pay full costs. (*Post,* pp. 627, 628.)

Code construed: § 4947 (S.); § 3930 (M. & V.); § 3205 (T. & S.).

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. B. LINDSAY, Ch.

---
Ronner *v.* Welcker.
---

GEO. W. HENDERSON for Ronner.

JOUROLMON, WELCKER & HUDSON for Welcker.

WILKES, J.    This is a bill to set aside a deed
of trust upon the ground that the acknowledgment
of the wife is defective.

, Complainant, Ronner, and wife, Matilda, owned
the property as husband and wife by entireties with
the usual right of survivorship in such cases.

They executed a deed of trust upon it to Welcker,
trustee, to secure two notes, one for $4,000, and one
for $2,000, borrowed money.    The notes having
matured, the trustee was proceeding to sell under the
trust deed, when he was enjoined, and it was prayed
that the trust deed be set aside as a cloud upon
the title of complainant, Matilda Ronner.

The theory of the bill is that the wife, Matilda,
did not understand the contents of the deed when
her acknowledgment was taken, and while it appears
to have been properly acknowledged, so far as the
certificate shows, as a matter of fact she did not
understand that it conveyed her interest as well as
that of her husband.

The Chancellor dismissed the bill and taxed com-
plainant with the cost.    The Court of Chancery Ap-
peals affirmed the decree of the Chancellor so far as
it dismissed the bill but taxed the defendants with
all the costs.    Both parties have appealed to this
Court, complainant insisting it was error not to

Ronner v. Welcker.

give them the relief sought, and defendants insisting it was error to tax them with the costs.

The Court of Chancery Appeals find that there is no evidence impeaching the acknowledgment, except that of the married woman, Mrs. Ronner, and Maxwell, the Notary Public. From the testimony, that Court finds that the deed of trust was not read over to Mrs. Ronner by the Notary, nor did he state its contents, but simply that it was a deed of trust, when she replied that she knew about it, and at once prepared to sign it. The Notary then explained to her that her acknowledgment was required by law to be taken separately and apart from her husband, and she seemed to thoroughly comprehend it, and signed it. She said she was cognizant of the matter. The usual questions were asked her and answered, and that, the Notary adds, he presumed she understood to whom it was made as she looked at it. Mrs. Ronner states that she did not know the contents of the deed, that it was never read to her, and the Notary did not explain it to her. She admits that she knew her husband was going to borrow $6,000 and the mortgage was being executed for that purpose, and her husband told her that, but said nothing about either of their shares being signed away.

The bill impeaching the transaction was not filed until more than four years after it transpired, and it was after this lapse of time that the testimony of the Notary and Mrs. Ronner were given, in re-

15 P—40

gard to what occurred at the time of the acknowledgment.

While it has been held that oral testimony of the party making, and of the Notary taking the acknowledgment, may be heard tending to impeach it in certain cases, we are of opinion that the testimony in this case is not of the character that should be allowed to set aside a solemn acknowledgment after the lapse of such a time. No fraud is shown, no act of deception, no attempt to mislead, no dereliction of duty on the part of the Notary Public, unless it be his failure to read the deed to her, and it may fairly be inferred from the findings that he would have read or explained it to her but for her assurance that she was cognizant of it, and the impression made by her that she already fully understood it.

Our statute does not provide that a Notary or clerk, in taking an acknowledgment of a married woman shall read over the instrument to her, but he shall examine her touching her knowledge of its contents and effect, and if he is satisfied she fully understands the same, he may take the acknowledgment and make the certificate. She is also required, among other things, to state that the execution of the instrument is done by her understandingly, etc. *Garth* v. *Fort*, 15 Lea, 690; *Currie* v. *Kerr*, 11 *Id.*, 142.

If the certificate is in proper form and signed by the proper officials, it can only be attacked for fraud

or surprise, not for mere irregularities in taking the privy examination, and the fraud must be that of the conveyee, or his agent, and it is held that the husband may be the agent of the conveyee, when it is a conveyance to secure his pre-existing debt. Code (Shannon), § 3753; (M. & V.), § 2891; *Finnegan* v. *Finnegan*, 3 Tenn. Chy., 574; *Shields* v. *Netherland*, 5 Lea, 196; *Edwards* v. *Boyd*, 9 Lea, 206; *Grotenkemper* v. *Carver*, 9 Lea, 286.

If in this case the married woman had stated to the Notary that she had read and understood the instrument, it will hardly be contended that she could afterward impeach the certificate by a statement that such were not the facts—and yet her assurances and conduct in this case were equivalent to such statement. The husband does not testify upon the point as to her knowledge of the contents of the trust deed. The testimony as given falls short of the convincing character necessary to impeach and overturn a certificate which is in every particular in compliance with the statute. 1 Am. & Eng. Enc. L. (2d Ed.),. 560, 561; *Montgomery* v. *Hobson*, Meigs, 437.

It is assigned as error that the costs should not have been taxed to the defendants, as was done by the Court of Chancery Appeals. It appears that there was usury in the transactions involved in this case, which, by decree of the Chancellor and Court of Chancery Appeals was purged from the debt. In our statutes, Shannon's Comp., § 4947, a general

Ronner *v.* Welcker.

provision is found in regard to costs in usury cases, in substance that if in any action it be made to appear that usurious interest has been intentionally taken or reserved, the person taking or reserving such usury shall pay full costs. We do not understand that in all cases under this statute, when usury is discovered by suit, the entire costs of the litigation in which it is discovered shall be paid by the party receiving or reserving it. It is only the costs incident to the litigation over the question of usury. There may be other issues involved in the case, and upon these litigation may be had and costs incurred and not upon the matter of usury. In such case the statute does not contemplate or embrace the costs arising out of such collateral litigation. Here much of the litigation is over the sufficiency of the acknowledgment, and this is the only matter in litigation in this Court. We are of opinion the costs of this cause in this Court and the Court below should be divided, and the decree of the Court of Chancery Appeals is to this extent modified and otherwise affirmed.