### In re HYLBERT.

### SCHNEIDER et al. v. HANNAGAN.

District Court, E. D. Illinois. May 24, 1928.

No. 283.

1. Bankruptcy ⟜184(1)—Chattel mortgages ⟜61—Illinois chattel mortgage, acknowledgment of which was certified to in mortgagor's absence without actual acknowledgment, held void as to mortgagor's trustee in bankruptcy.

Where justice of peace, under Illinois statute, certified to acknowledgment of chattel mortgage in absence of mortgagor, who never acknowledged the instrument, the chattel mortgage was void as to mortgagor's trustee in bankruptcy, since absence of acknowledgment renders instrument ineffective as against third parties under Illinois law.

2. Acknowledgment ⟜62(3,4)—Testimony of mortgagor and of justice of peace, certifying to acknowledgment of chattel mortgage, held competent to impeach certificate of acknowledgment.

Justice of peace, before whom chattel mortgage must be acknowledged under Illinois stat-

ute, and bankrupt mortgagor, *held* competent witnesses to impeach certificate of acknowledgment of chattel mortgage, on petition for leave to foreclose.

In Bankruptcy. In the matter of H. Clay Hylbert, bankrupt. Petition by Mattie F. Schneider and another for leave to foreclose a chattel mortgage, opposed by A. J. Hannagan, trustee in bankruptcy. On review of the report of the referee in defendant's favor. Order of referee confirmed, and cause re-referred.

B. L. Kirk, of Champaign, Ill., for trustee.

Schneider & Schneider, of Paxton, Ill., for mortgagees.

LINDLEY, District Judge. Mattie F. Schneider and Florence Rudolph, mortgagees in a certain chattel mortgage executed by the bankrupt, filed their petition with the referee for leave to foreclose same. Upon hearing the referee found that the mortgage was void as against the trustee in bankruptcy, for the reason that it was not properly acknowledged. The parties are before the court upon review of the report of the referee.

[1] The only question involved is that of the validity of the acknowledgment appearing upon the chattel mortgage. The justice of the peace, before whom, under the Illinois statute, a chattel mortgage must be acknowledged, testified that he certified to the acknowledgment, although in fact the mortgagor did not appear before him in person or ever acknowledge the instrument. The bankrupt testified that he never acknowledged the instrument. The trustee, being vested with the rights of a judgment creditor armed with an execution, may rightfully insist upon the invalidity of the mortgage, unless the evidence submitted is incompetent. In Illinois a chattel mortgage, while valid between the parties without any acknowledgment, has no effect upon the rights of third parties, including judgment creditors armed with executions, if not properly acknowledged. See McDowell v. Stewart, 83 Ill. 538.

[2] It is insisted, however, that both the of-

26 F.(2d)—43

ficer and the bankrupt were incompetent witnesses. The courts of Illinois have never held that the mortgagor is an incompetent witness to impeach a certificate of his acknowledgment. The full extent of their enunciations is shown in Herpich v. Williams, 300 Ill. 547, 133 N. E. 220, and in Ogden Building Ass'n v. Mensch, 196 Ill. 567, 63 N. E. 1049, 89 Am. St. Rep. 250, which merely hold that the uncorroborated testimony of the mortgagor is insufficient to impeach the acknowledgment. No good reason appears why the testimony of the bankrupt should be held incompetent.

The mortgagees contend that the justice of the peace was an incompetent witness to impeach his own certificate, but in the case of McDowell v. Stewart, supra, the Supreme Court held the acknowledgment to the chattel mortgage void, where the justice of the peace and the mortgagor both testified that there was in fact no acknowledgment. Evidently the Supreme Court considered the justice of the peace a competent witness to corroborate the mortgagor.

Various decisions in the appellate court have followed this doctrine, and, though the courts of some states have not agreed, we find rulings to the same effect in the following cases: Jansen v. McCahill, 22 Cal. 563, 83 Am. Dec. 84; Comings v. Leedy, 114 Mo. 454, 21 S. W. 804; Louden v. Blythe, 16 Pa. 532, 55 Am. Dec. 527; Garth v. Fort, 15 Lea (Tenn.) 683; Ronner v. Welcker, 99 Tenn. 623, 42 S. W. 439; Truman v. Lore, 14 Ohio St. 144; Heaton v. Norton County State Bank, 59 Kan. 281, 52 P. 876; Highberger v. Stiffler, 21 Md. 338, 83 Am. Dec. 593; Jackson v. Humphrey, 1 Johns. (N. Y.) 498; Kranichfelt v. Slattery, 12 Misc. Rep. 96, 33 N. Y. S. 27; and Winn v. Itzel, 125 Wis. 19, 103 N. W. 220.

In this jurisdiction, therefore, both witnesses were competent, and, inasmuch as their testimony is in agreement and is undisputed, the only possible finding is that the mortgage is void as to third persons, including the trustee. The order of the referee is approved and confirmed, and the cause re-referred for further action in the administration of the estate in accordance with this opinion.