CONTINENTAL CASUALTY COMPANY v. W. S. FUNDERBURG AND CLARA F. FUNDERBURG.

(Filed 24 March, 1965.)

**1. Appeal and Error § 49—**

   A conclusion of law of the lower court is reviewable on appeal notwithstanding it is denominated a finding of fact.

**2. Contracts § 4—**

   Where the parties make reciprocal promises and one of the parties fulfills his promise, the law will not permit the other promisor to avoid his obligation on the ground that he received no consideration.

**3. Same;  Indemnity § 1—  Execution of surety bond after execution of indemnity agreement furnishes consideration for the indemnity agreement.**

   After execution of a surety bond for the project causing the loss in suit the principal and his wife executed a contract indemnifying the surety against loss on bonds theretofore or thereafter executed. It was made to appear that in negotiations prior to the execution of the surety bond the surety agreed to extend a line of credit in executing a series of surety bonds if the principal and his wife would execute the indemnity agreement, and that subsequent to the execution of the indemnity contract the surety did execute a number of surety bonds. *Held:* The execution of surety bonds subsequent to the execution of the indemnity agreement furnished a legal consideration for the indemnity agreement, and the wife cannot avoid her liability thereunder for the loss in suit upon the plea of no consideration.

APPEAL by plaintiff from *Bundy, J.,* September 1964 Session of NEW HANOVER.

Plaintiff alleged: On April 27, 1960, it became surety on a performance and payment bond on which W. S. Funderburg was principal. By reason of its execution of the bond, it sustained a loss of $15,000. On June 10, 1960, defendants executed an indemnity contract agreeing to·

indemnify plaintiff against loss by reason of its suretyship on bonds executed for defendants, or either of them.

*Feme* defendant denied liability because, as she alleged, there was no consideration for her execution of the indemnity agreement.

The parties waived a jury trial. They stipulated facts. The stipulated facts were supplemented by parol evidence. The court, concluding W. S. Funderburg was liable to plaintiff for $15,000, the amount claimed, rendered judgment against him.

The court found "as a fact that the general contract of guaranty, as alleged * * * against Clara F. Funderburg is wanting of legal and sufficient consideration to support same." It dismissed the action as to *feme* defendant. Plaintiff, having excepted to the finding and judgment, appealed.

*Poisson & Barnhill for plaintiff appellant.*
*Stevens, Burgwin, McGhee & Ryals for defendant appellee.*

RODMAN, J. While the court states as a fact that *feme* defendant received no consideration binding her on the contract of indemnity, and for that reason is not liable, the question for determination is not a factual question, but one of law, *viz:* Do the undisputed facts establish a consideration imposing liability on *feme* defendant?

W. S. Funderburg, on April 27, 1960, contracted with the United States for the construction of a dike near Charleston. At the request of W. S. Funderburg, plaintiff (Continental) executed a bond guaranteeing performance of the contract and payment of labor and material used in performing the contract. Funderburg sublet the work to Bradham & Sons. Funderburg collected $26,049.60 for work and material, pursuant to the contract. He paid Bradham & Sons $10,000. The United States, on October 27, 1960, terminated Funderburg's contract because of nonperformance. Suit was thereafter brought in the U. S. District Court for the Eastern District of South Carolina by the United States, for the use and benefit of Bradham & Sons, against W. S. Funderburg and Continental, as surety on the performance and payment bond. Judgment was rendered in the U. S. District Court against W. S. Funderburg and Continental for $14,648, with interest, the amount he owed Bradham & Sons for work done and material furnished in constructing the dike. On January 17, 1962, Continental paid $15,000 in settlement of the judgment rendered in the U. S. District Court. The judgment was assigned for the surety's protection. No part of the judgment has been paid.

Prior to execution of the bond of April 27, 1960, defendants sought assurances from plaintiff that it would execute, as surety, bonds when

requested by W. S. Funderburg. In May 1960, male defendant was informed that a line of credit would be extended upon execution of an indemnity contract. Defendants, on June 10, 1960, executed the indemnity contract, on which this action is based. Continental extended the requested line of credit.

The contract of June 10, 1960 begins with this recital:

"WHEREAS the undersigned or one or more of them (hereinafter called the Indemnitor) HAVE HERETOFORE required, and may hereafter require suretyship upon certain obligations of suretyship on behalf of the undersigned, or of one or more of them or some other person or corporation, and HAVE APPLIED, and one or more of them may hereafter apply to the CONTINENTAL CASUALTY COMPANY (hereinafter called the Surety) to execute such INSTRUMENTS, as Surety."

Indemnitors agreed:

"Indemnitor will perform all the conditions of EACH SAID BOND, and any and all renewals and extensions thereof, and will at all times indemnify and save the Surety harmless from and against every claim, demand, * * * judgment and adjudication whatsoever, and will place the Surety in funds to meet the same before it shall be required to make payment.

           *    *    *    *

"Indemnitor will, on the request of the Surety, procure the discharge of the Surety from ANY SUCH SURETYSHIP, and all liability by reason thereof."

*Feme* defendant does not question her execution of the contract. She testified: "I recall signing a paper writing which the plaintiff calls a general contract of indemnity sometime in June 1960. This is my signature on that paper writing. * * * I knew it was a legal instrument. * * * I thought it was an indemnity bond. * * * I knew what I was signing."

Male defendant contracted with the Corps of Engineers for snagging work in Perquimans River. On September 29, 1960, Continental became surety on male defendant's bond guaranteeing performance of that contract. Male defendant, in October 1960, contracted with the Corps of Engineers for work in Wilmington Harbor. He gave a bond guaranteeing performance of that contract. Continental signed that bond as surety. Subsequent to June 1960, Continental executed other bonds as surety for W. S. Funderburg.

It is not here necessary to take issue with *feme* defendant's statement of the law that, "A mere promise, without more, lacks considera-

tion and is unenforceable." Where, however, parties make reciprocal promises and one of the parties fulfills his promise, the law will not permit the other promisor to avoid his obligation on the assertion that he received no consideration. *Fertilizer Co. v. Eason,* 194 N.C. 244, 139 S.E. 376; *Brown v. Taylor,* 174 N.C. 423, 93 S.E. 982; *Storm v. United States,* 94 U.S. 76, 24 L. Ed. 42; 17 Am. Jur. 2d 452.

When, subsequent to June 10, 1960, the date Mrs. Funderburg executed the indemnity agreement, Continental became surety for W. S. Funderburg, one of the indemnitors, it supplied the consideration which bound the *feme* defendant to comply with the promises made in the indemnity agreement.

Contracts of indemnity may be limited to undertakings thereafter executed, or may provide for indemnification against losses resulting from contracts theretofore executed. "Whether or not a guaranty is retrospective or is merely prospective depends entirely upon the form of the contract. It is easily possible to make the contract one or the other, or both." Stearns Law of Suretyship, 5th Ed., § 4.10.

The intent of the parties, shown by the words used to state their respective rights and obligations, is controlling. 42 C.J.S. 574-5.

We have no difficulty in reaching the conclusion that the defendants, when they executed the indemnity agreement, understood it to afford Continental protection against losses which it might sustain by reason of prior, as well as subsequent, guaranties, executed for W. S. Funderburg.

Reversed.