DONALD B. DEAL v. BOYCE IRWIN CHRISTENBURY AND MARLENE W. DIXON CHRISTENBURY

No. 8026SC494

(Filed 17 February 1981)

1. Bills and Notes § 4; Mortgages and Deeds of Trust § 4.1— consideration for note and deed of trust

There was sufficient consideration for defendant wife's execution of a note and deed of trust to plaintiff where the evidence showed that, pursuant to the settlement of an action by plaintiff against defendant husband to recover an amount due under an agreement dissolving a business partnership, defendants executed the note and deed of trust to plaintiff in exchange for plaintiff's volun-tary dismissal of the action and property of the partnership in which defendant wife had no interest was transferred by the partnership into the name of defend-ant husband and defendant wife, since (1) plaintiff's forbearance from pursuing

Deal v. Christenbury

his original action against defendant husband was a detriment to him sufficient to constitute consideration for execution of the note and deed of trust by both defendant husband and defendant wife, and (2) the conveyance to defendant wife of property in which she admittedly had no interest constituted adequate consideration for her execution of the note and deed of trust to plaintiff.

2. **Mortgages and Deeds of Trust § 32.1— deficiency judgment after foreclosure — purchase money nature of instruments not shown on face**

 G.S. 45-21.38 did not prohibit plaintiff from recovering a deficiency judgment after foreclosure of a deed of trust where the note and deed of trust contained on their face no showing that they were for the balance of purchase money for real estate and the instruments were prepared by the attorney for defendants.

APPEAL by defendants from *Kirby, Judge.* Judgment entered 4 January 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 November 1980.

Plaintiff filed a complaint against defendants on 7 October 1977 seeking to recover the sum of $14,034.90 plus interest allegedly due from defendants as a deficiency following foreclosure of a deed of trust. The complaint alleged the following: Plaintiff is the owner and holder of a note in the sum of $20,362.65, signed by both defendants and payable with interest to the order of plaintiff. Defendants executed a deed of trust on certain real property as security for the note. The principal and interest were not paid when due. Plaintiff therefore exercised his right to declare the note with interest payable in full, the full amount due being $21,380.79. The property subject to the deed of trust was then sold for the sum of $7,925.00, of which $579.11 was allotted to costs of sale, leaving a balance of $7,345.89 to be credited as payment on the note. Defendants have failed and refused to pay the balance of the indebtedness, and the sum of $14,034.90 thus remains due and owing.

In their answer defendants asserted as a defense that the debt of $20,362.65 represented the balance of the purchase price for plaintiff's interest in a business partnership between plaintiff and defendant Boyce Irwin Christenbury [hereinafter "defendant-husband"] known as Chris Electric Company, and that the note and deed of trust were given in full satisfaction of the obligation of defendant-husband to plaintiff. The answer did not allege a subsequently asserted defense of want of consideration as to the defendant Marlene W. Dixon Christenbury [hereinafter "defendant-wife"].

Plaintiff's evidence tended to show the following: Plaintiff and

defendant-husband entered a business partnership in 1966. Plaintiff's interest was 40%, and defendant-husband's was 60%. The partnership was dissolved due to conflicts between the partners on 1 January 1975, whereupon plaintiff sold his interest to defendant-husband for the sum of $28,200.00. Defendant-husband agreed to pay plaintiff $8,334.00 in cash, and he made this payment on 4 January 1975. He further agreed to pay $9,933.00 on 1 June 1975 and $9,933.00 on 31 December 1975. Plaintiff did not receive either of the $9,933.00 payments, and as a consequence he filed a civil action against defendant-husband to recover the balance due under the agreement. This action was settled, and plaintiff entered a voluntary dismissal.

As part of the settlement of this action both defendants executed a note to plaintiff in the sum of $20,362.65 (the balance due plus interest), secured by a deed of trust on property owned by both defendants. At least one of the three lots subject to this deed of trust was transferred from the partnership to the defendants simultaneously with execution by defendants of the note and deed of trust to plaintiff. Plaintiff introduced as part of his evidence a photocopy of the deed transferring this lot from the partnership to defendants. Defendant-wife "did not own any part of the partnership" and did not "pay anything" to the partnership for the conveyance of this lot from the partnership to defendant-husband and her.

Defendants failed to make payments on the note. Plaintiff thus foreclosed on the deed of trust. The foreclosure sale brought a net price of $7,345.89, leaving a balance due from defendants to plaintiff of $14,034.90.

Defendants' evidence confirmed that plaintiff and defendant-husband had been business partners and that defendant-wife "did not have any interest in the business...[and] didn't own anything or owe the company anything." It also confirmed that the note executed by defendants to plaintiff accurately represented the amount "remaining due and owing from [defendant-husband] to [plaintiff] in the original purchase and sale agreement;" and that partnership property had been transferred to defendants husband *and wife* as part of the settlement agreement in plaintiff's original action against defendant-husband. With regard to the transfer of partnership property to defendants, defendant-husband testified:

The property . . . was a piece of property in the name of

Deal v. Christenbury

myself and [plaintiff] as Chris Electric. At the time the property was bought we were partners. The partnership money went to buy that property. My wife had no interest in it. And when the note and deed of trust were executed on July 1, 1976, the deed actually transferred that partnership property to myself *and my wife.*

... This land was part of what the partnership owned at that time.

... And the property was put in my name *and my wife's name.*

. . . .

Lot number seven which is described on this deed from the partnership to myself *and my wife* was the first lot on Rozzell's Ferry Road that we used in the business. Two more lots were purchased at a later time. Those were put in my name *and my wife's* [a]lthough they were bought out of partnership funds. [Emphasis supplied.]

John McRae, the attorney who represented defendant-husband in the original action against him by plaintiff, testified regarding this property:

The property was in the name of the partnership, Chris Electric Company, the deed was made to put it over into [the names of defendant-husband *and defendant-wife*] because [defendant-husband] said that their agreement when he bought [plaintiff] out, that this property had belonged to the partnership and was supposed to be in the settlement in the purchase of the partnership interest of [plaintiff]. [Emphasis supplied.]

Defendant-wife testified regarding this property:

As far as I know the first interest I had in any property belonging to the partnership was when the deed was transferred to me on the date the note and deed of trust [were] signed.

Defendants' evidence materially differed from plaintiff's only in that it tended to support the allegations in their answer that they understood the note and deed of trust to have been given in full satisfaction of defendant-husband's obligation. Defendant-husband testified:

The only place that I differ with [plaintiff] is that I say that the understanding which I had was that even though I was giving him a note for that amount and the deed of trust on the three lots out there that I was to have six months in which to attempt to sell the land myself and at the end of that time if I hadn't sold it and hadn't paid him that he would agree to just take the lots and that was it.

. . . [I]f I could not sell the lots I would turn them over to him . . . because the property was worth more than twenty thousand dollars. In other words, I was going to take six months to try to sell the property so I could get some money out of it . . . . And if the . . . property didn't bring that value, then [plaintiff] was to take the loss and not me. Under this agreement if there was a profit I made it and if there was a loss he took the loss.

John McRae testified:

[Defendant-husband] told me that his understanding with [plaintiff] was that if he didn't get the property sold then he would just deed the property to [plaintiff] in satisfaction of this debt . . . . [He] told me he thought the property was worth in the neighborhood of twenty-four to twenty-five thousand dollars and he wanted six months to sell it and pay [plaintiff] off.

Defendant-wife testified:

Mr. McRae told us that we had six months to sell the land or [plaintiff] would get it, and that would be the end of it. I told Mr. McRae at the time that was the only way that I would sign so that that would be the absolute end of it . . . . Before I signed, I said, "Now, you are sure this is going to be the end of it." Mr. McRae said, "Yes, ma'am." I said, "That's the only way I'll sign it." He said, "Yes, ma'am. This will be the end of it."

The trial court denied defendants' motion to dismiss, both at the end of plaintiff's evidence and at the end of all the evidence. One issue was submitted to and answered by the jury as follows:

What amount, if any, is the plaintiff entitled to recover of the Defendants?

ANSWER: 14,034.90

Deal v. Christenbury

From a judgment entered on the verdict, defendants appeal.

*Harkey, Faggart, Coira, Fletcher and Lambeth, by Charles F. Coira, Jr., for plaintiff appellee.*

*Roberts and Planer, P.A., by Joseph B. Roberts, III, and Childers and Fowler, by Max L. Childers, for defendants appellants.*

[1]    Defendants assign error to the trial court's (1) denying defendant-wife's motion to dismiss the action as to her, made on the ground that there was no evidence of any consideration for her execution of the note and deed of trust; (2) failing to "explain the law arising on the evidence given in the case" as required by G.S. 1A-1, Rule 51, by not instructing the jury on defendant-wife's defense of lack of consideration; (3) failing to submit all the issues arising on the evidence as required by G.S. 1A-1, Rule 49, in that it failed to submit as an issue the defense of lack of consideration as to defendant-wife; and (4) peremptorily instructing the jury that the only issue was whether a deficiency was owed by defendants to plaintiff, thereby precluding jury consideration of the issue of whether defendant-wife had a valid defense of lack of consideration. The sole question presented by these assignments of error, then, is whether from the evidence adduced at trial the jury could have found absence of consideration for execution of the note and deed of trust by defendant-wife.

We note at the outset that failure of consideration is an affirmative defense which must be pleaded in responding to a preceding pleading. G.S. 1A-1, Rule 8(c). The answer filed by defendants contains no pleading of this defense. Defendants nevertheless contend that the record contains evidence "relating to the defense," and that the issue thus should be treated as though it "had been raised in the pleadings" pursuant to Rule 15(b). We find no basis in the evidence for a defense of lack of consideration as to defendant-wife, and we thus uphold the trial court's decisions to which error is assigned.

In *Investment Properties v. Norburn,* 281 N.C. 191, 195-196, 188 S.E.2d 342, 345 (1972), our Supreme Court, speaking through Justice Moore, stated the following:

It is well-settled law in this State that in order for a contract to be enforceable it must be supported by consideration .... As

a general rule, consideration consists of some benefit or advantage to the promisor or some loss or detriment to the promisee
. . . .

It is not necessary that the promisor receive consideration or something of value *himself* in order to provide the legal consideration sufficient to support a contract. Forbearance to exercise legal rights is sufficient consideration for a promise given to secure such forbearance *even though the forbearance is for a third person rather than that of the promisor.*

*Investment Properties*, 281 N.C. at 195-196, 188 S.E.2d at 345 (emphasis supplied). *See also Myers v. Allsbrook*, 229 N.C. 786, 51 S.E.2d 629 (1949). Here, all of the evidence is to the effect that the note and deed of trust from defendants to plaintiff were executed as part of the settlement of the original action by plaintiff against defendant-husband for the purpose of inducing plaintiff to enter a voluntary dismissal in that action. Plaintiff testified in this respect:

[T]here was a settlement of the suit and we took a dismissal through my attorney of the action against [defendant-husband] *in exchange for a note and deed of trust.* The note and deed of trust *which [were] given to me in settlement of the lawsuit* . . . was a note in the amount of $20,362.65.... *As part of the transaction* I also received a deed of trust on certain property belonging to [defendants]. [Emphasis supplied.]

Defendants' evidence in no way denied plaintiff's testimony that the note and deed of trust were given in exchange for plaintiff's entering a voluntary dismissal in his action against defendant-husband. Defendants merely asserted an alleged understanding on their part that in the event of their failure to pay sums due under the note, plaintiff would take the property subject to the deed of trust in full satisfaction of the obligation.

Plaintiff's forbearance in not pursuing his original action against defendant-husband was clearly a "detriment" to him sufficient to constitute consideration for defendant-husband's execution of the note and deed of trust. Because "[f]orbearance to exercise legal rights is sufficient consideration . . . even though the forbearance is for a third person rather than . . . the promisor," *Investment Properties*, 281 N.C. at 196, 188 S.E.2d at 345, it was also sufficient to constitute consideration for their execution by defendant-wife.

Further, all the evidence shows that, as a part of the transaction in which plaintiff's original action against defendant-husband was dismissed in exchange for the note and deed of trust from both defendants, property of the partnership *in which the wife had no interest* was transferred by the partnership into the names of defendant-husband *and defendant-wife*. In this regard, the plaintiff testified, after identifying the deed conveying this property, "That was part of the transaction under which I took the note and deed of trust and conveyed that property from Chris Electric to the [defendants] alone." Defendant-husband testified:

My wife . . . did not have any interest in the business. She didn't own anything or owe the company anything. Exhibit "D" is the note and deed of trust that we signed . . . Exhibit "E" [the deed conveying partnership property to defendants] *was signed at the same time.* That was done so that there would be a deed of trust on the three lots . . . where they would all be in one name. That was done so we could carry out this transaction I referred to. [Emphasis supplied.]

He further testified:

The property described in Exhibit "E" and signed by me was a piece of property in the name of myself and [plaintiff] as Chris Electric. At the time the property was bought we were partners. The partnership money went to buy that property. My wife had no interest in it. *And when the note and deed of trust were executed on July 1, 1976, the deed actually transferred that partnership property to myself and my wife.* [Emphasis supplied.]

John McRae, the attorney who represented defendant-husband in the original action against him by plaintiff, testified: "The agreement we worked out was to give [defendant-husband] six more months to sell the property and pay [plaintiff] off. Based upon that Mr. Coira [plaintiff's attorney] *dismissed this lawsuit on the contract and they executed this deed and [defendants] executed this deed of trust.*" [Emphasis supplied.] Defendant-wife testified:

When these papers were signed, the note and deed of trust *and deed,* my husband and I both talked with Mr. McRae at that time.
. . . *At the time the note and deed of trust* [were] signed by

myself and my husband *I signed the deed* conveying lot seven from the name of the partnership *into my name* and my husband's name.

I did not have any interest in the partnership.... As far as I know the first interest I had in any property belonging to the partnership was when the deed was transferred to me *on the date the note and deed of trust [were] signed.* [Emphasis supplied.]

In addition to this testimony the exhibits which are part of the record indicate that the deed conveying partnership property to defendants, and the note and deed of trust from defendants to plaintiff, bore the identical date of 1 July 1976. The exhibits further indicate that the deed was recorded in the Office of the Register of Deeds for Mecklenburg County on 30 August 1976, and that the deed of trust was recorded on the same date one minute later.

It is thus clear, from the testimony of the parties and from the exhibits, that the conveyance by the partnership to defendants of partnership property in which defendant-wife had no interest, and the execution of the note and deed of trust from defendants to plaintiff, were part of the same transaction in settlement of the original action by plaintiff against defendant-husband. We find that the conveyance to defendant-wife of property in which she admittedly had no interest constituted adequate consideration for her execution of the note and deed of trust to plaintiff. This conveyance to defendant-wife of property in which she had no interest was something plaintiff was in no way bound to do; and "there is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do ...." *Stonestreet v. Oil Co.,* 226 N.C. 261, 263, 37 S.E.2d 676, 677 (1946).

In *Casualty Co. v. Funderburg,* 264 N.C. 131, 140 S.E.2d 750 (1965), defendants, husband and wife, executed an indemnity contract agreeing to indemnify plaintiff against loss by reason of its suretyship on bonds executed for defendants or either of them. Plaintiff was surety on a performance and payment bond on which defendant-husband alone was principal. It sustained a loss by reason of execution on the bond, and brought an action against both defendants to recover the loss pursuant to the indemnity agreement. The trial court found that the indemnity contract lacked consideration as to defendant-wife and dismissed the action as to her. The Supreme Court reversed, stating: "Where ... parties make

reciprocal promises and one of the parties fulfills his promise, the law will not permit the other promisor to avoid his obligation on the assertion that he received no consideration." *Casualty Co.*, 264 N.C. at 134, 140 S.E.2d at 752.

Here, the undisputed facts indicate that plaintiff fulfilled his promises by (1) dismissing his original action against defendant-husband and (2) joining in the conveyance to both defendants of partnership property in which defendant-wife had no prior interest. He was not required to do either, but did both in the fulfillment of his obligation incurred pursuant to reciprocal promises made for the purpose of settling a legal action which he had a right to bring and maintain. The plaintiff having fully performed his promises, defendant-wife cannot now be permitted to avoid her obligation "on the assertion that [s]he received no consideration." *Casualty Co.*, 264 N.C. at 134, 140 S.E.2d at 752.

We hold that, considering the evidence in the light most favorable to defendants, there was no genuine issue for jury determination on the question of want of consideration as to defendant-wife, and that the trial court's acts or omissions regarding this issue to which defendants assign error thus were proper.

[2] Defendants contend in the alternative, by a single sentence in their brief, that "if the consideration for execution of this note and deed of trust was the conveyance of realty to [defendant-wife] by the partnership then NCGS § 45-21.38 would be applicable, and the plaintiff would not be in a position to bring this suit against her." They apparently attempt to assert by this sentence that the plaintiff was in the position of a seller of real estate in the settlement transaction by which the lot was conveyed by the partnership to defendants; that defendants were in the position of purchasers in the transaction; and that the deed of trust thus was, in effect, given "to secure to the seller the payment of the balance of the purchase price of real property." If that were true, G.S. 45-21.38 would provide that plaintiff "shall not be entitled to a deficiency judgment on account of such . . . deed of trust."

Assuming, *arguendo* only, that the net effect of the transaction was as defendants by this argument contend, the record nevertheless establishes that there was no genuine issue for jury determination in this regard. G.S. 45-21.38 disentitles *the creditor to a deficiency judgment only if the "evidence of indebtedness shows upon*

the face that it is for the balance of purchase money for real estate." The only exception to this requirement is that if the "note or notes are prepared under the direction and supervision of the seller," any loss for failure to comply shall fall on the seller. G.S. 45-21.38.

Here, the note and deed of trust contain on their face no showing that they are for the balance of purchase money for real estate. Neither the record proper nor the exhibits indicate the preparer of the note; but the exhibits reveal that the deed of trust was prepared by John A. McRae, Jr., who is identified throughout the record as attorney for *defendants*.[1] Nothing in the record indicates that McRae at any time represented either the partnership or the plaintiff. Thus the failure of the "evidence of indebtedness" to reflect on its face "that it is for balance of purchase money for real estate" cannot be attributed to the "seller" (plaintiff) on the basis that it was "prepared under the direction and supervision of the seller." Because the only basis for exemption from the requirement that the evidence of indebtedness show on its face that it is for the balance of purchase money for real estate is not present here, defendants' failure to establish compliance with the requirement is necessarily fatal to the defense for which they contend.

Because we find no genuine issue for jury determination on the question of want of consideration as to defendant-wife, and because the failure of the note and deed of trust to reflect on their face that they are "for balance of purchase money for real estate" negates any bar to a deficiency judgment which, *arguendo*, might otherwise be raised by G.S. 45-21.38, we find no error in the trial of the case.

No error.

Judges HEDRICK and CLARK concur.

---

[1] *E.g.*, McRae testified: "I know [defendant-husband]. I had an occasion to *represent him* in a case . . . which has been introduced as Exhibit 'B' [the original action by plaintiff against defendant-husband]." (Emphasis supplied.)

Defendant-wife testified: "When I signed the note and deed of trust there was a discussion with Mr. McRae about what the agreement was. Yes sir, I remember signing the note and deed of trust. I had been sued and we were settling it. *Mr. McRae was representing me.*" (Emphasis supplied.)