SYLVIA H. DOCKERY,⁣ )
⁣ )
⁣ Plaintiff/Appellant, )
⁣ )
⁣ ) Appeal No.
⁣ ) 01-A-01-9611-CH-00531
VS. )
⁣ )
⁣ ) Davidson Chancery
⁣ ) No. 94-3644-I
ESTATE OF JACK C. MASSEY, )
⁣ )
⁣ Defendant/Appellee. )

**FILED**

**May 28, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

W. GARY BLACKBURN
JAY C. BALLARD
BLACKBURN, SLOBEY, FREEMAN & HAPPELL, P.C.
2050 NationsBank Plaza
414 Union Street
Nashville, Tennessee 37219
⁣ Attorneys for Plaintiff/Appellant

JOHN H. BAILEY, III
PAUL G. JENNINGS
BASS, BERRY & SIMS
2700 First American Center
Nashville, Tennessee 37238
⁣ Attorneys for Defendant/Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
TODD, P.J., M.S.
LEWIS, J.

# O P I N I O N

In this case the plaintiff pleads lack of consideration and economic duress, to avoid the enforceability of certain deeds of trust she signed along with her husband. The Chancery Court of Davidson County granted summary judgment to the defendant. We affirm.

## I.

Joe Dockery was the president and chief executive officer of Automotive Franchise Corporation (AFC), the owner and franchisor of transmission repair shops. He, Jack Massey, and John Neff were the principal shareholders. In March of 1988 Dockery and Massey jointly borrowed $4,500,000 from the Sovran Bank and loaned it to AFC. In order to induce Massey to be severally liable on the Sovran loan, Dockery agreed to give Massey a security interest in certain properties. In July of 1988 Dockery and Massey signed a loan participation agreement, which set out their respective duties with respect to the Sovran loan, and Dockery gave Massey a mortgage on seventeen parcels of real property. Six of the properties were owned as a tenant by the entireties with Mr. Dockery's wife, the plaintiff in this action. Mrs. Dockery also signed the six deeds of trust.

In January of 1990 Massey declared a default in the loan participation agreement and later sought to foreclose the deeds of trust signed by Mr. and Mrs. Dockery. Mrs. Dockery seeks to avoid the foreclosure of her interest in the six parcels she held jointly with her husband. The deeds show that Mrs. Dockery signed them on July 20, 1988. She contends that she did not sign the deeds until sometime later, but she admits that she is not certain of the date.

## II.

### Lack of Consideration

Under our view of this issue it does not matter when the deeds of trust were signed, because "a debt or preexisting debt of a spouse can be consideration for a mortgage on the property of the other spouse executing the mortgage." 41 Am. Jur. 2d *Husband and Wife* § 90. There is some authority that says a mortgage, as an executed conveyance, requires no consideration. See G. Osborne, *Handbook on the Law of Mortgages* § 107 (2d ed. 1970). But we need not go that far. The courts generally hold that the debt secured may be a preexisting one, *Continental Bank of Pa. v. Barclay Riding Academy*, 459 A.2d 1163 (N.J. 1983), and that consideration to one spouse serves as consideration for the signature of the other on the mortgage. *Peterson Bank v. Langendorf*, 483 N.E.2d 279 (Ill. App. 1985); *Cooke v. Louisville Trust Co.*, 380 S.W.2d 255 (Ky. App. 1964); *Deal v. Christenbury*, 274 S.E.2d 867 (N.C. App. 1981).

In this case, Dockery, as president and CEO of AFC, unquestionably received a benefit from Massey's agreement to be severally liable on a loan that was to be used for the benefit of AFC. As part of that same transaction, the parties executed the loan participation agreement and Mr. and Mrs. Dockery executed the deeds of trust. The benefit to Mr. Dockery is ample consideration for Mrs. Dockery's signature.

Mrs. Dockery cites *Bank of Crockett v. Cullipher*, 752 S.W.2d 84 (Tenn. App. 1988) as authority for a rule in Tennessee that consideration must always flow to the obligor on a contract. We think, however, that the holding in that case resulted from a unique rule with respect to accomodation parties under our version of the Uniform Commercial Code. To apply that rule across the board would completely nullify the law of contracts relating to third party beneficiaries.

So far as we can tell, a deed of trust in Tennessee has never been attacked by one spouse on the ground of a failure of consideration where the consideration flowed directly to the other spouse. In numerous cases where the wife signed simply as an accomodation to her husband, other defenses have been raised, but not consideration. *See Roach v. Francisco*, 138 Tenn. 357, 197 S.W. 1099 (1917); *Cox v. Keathley*, 99 Tenn. 522, 42 S.W. 437 (1897); *Ronner v. Welcker*, 99 Tenn. 623, 42 S.W. 439 (1897); *Grotenkemper v. Carver*, 77 Tenn. 280 (1882). We have no explanation as to why this defense was not raised in any of the cases. It may be that the rule we specifically adopt today has been so well settled elsewhere that an attempt to upset it seemed futile.

## III.

## Duress

Mrs. Dockery also contends that her signature on the deeds of trust was procured by economic duress. According to Mrs. Dockery, Ron Beaver, the vice president of Finance at AFC subjected her to "constant pressure," "harassment," and "constant demands" to get her to sign the loan participation agreement and the deeds of trust. Mr. Beaver allegedly told Mrs. Dockery that she "had" to sign the documents and that she was "jeopardizing the company and [Dockery] by not signing them."

Accepting all of this as true, the facts do not make out a case of economic duress, which has been defined as so coercive and severe that a person of ordinary firmness could not resist it. *Hardy v. Harris*, No. 01-A-01-9001-CH-00005 (filed at Nashville May 11, 1990). But more devastating to Mrs. Dockery's position is the fact that none of the threats, intimidation, or abuse she felt can be attributed to Mr. Massey. Mr. Beaver himself had never met Mr. Massey; Beaver was an officer and agent of AFC, not of Mr. Massey, and he worked under Mr. Dockery, who was AFC's

- 4 -

chief operating officer.  There is simply no evidence that connects Mr. Beaver's alleged actions with Mr. Massey.

The judgment of the lower court is affirmed and the cause is remanded to the Chancery Court of Davidson County for further proceedings.  Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
HENRY F. TODD, PRESIDING JUDGE
MIDDLE SECTION


_____
SAMUEL L. LEWIS, JUDGE