# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs March 26, 2002

## FLYNT ENGINEERING COMPANY v. WILLIAM COX

**Appeal from the Circuit Court for Sevier County**
**No. 2000-585-I      Ben W. Hooper, II, Judge**

**FILED AUGUST 6, 2002**

**No. E2001-02457-COA-R3-CV**

This is a suit by Flynt Engineering Company against William Cox, seeking to recover the value of services rendered to Mr. Cox under the terms of a written contract. The Trial Judge granted a summary judgment in favor of Flynt Engineering in the amount of $115,753.15. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which Herschel P. Franks and Charles D. Susano, Jr., JJ., joined.

Jerry H. McCarter, Gatlinburg, Tennessee, for the Appellant, William Cox

Adrienne L. Anderson, Knoxville, Tennessee, for the Appellee, Flynt Engineering Company

**OPINION**

The origin of this suit was an oral contract between two long-time friends, Jackson K. Flynt, owner of Flynt Engineering Company and William Cox. Mr. Cox, who wanted to develop a trailer park, contracted with Flynt Engineering to prepare certain plans, including waste water disposal in connection therewith.

Completion of the project was delayed because the State authorities would not approve the plans. Flynt Engineering, which was incorporated after the death of Mr. Flynt in 1995, became disenchanted with the project and proposed withdrawing. However, at Mr. Cox's importunes, including soliciting the aid of Mr. Flynt's widow, Flynt Engineering agreed to continue its work if the parties would enter into a written contract. This was accomplished by an instrument styled

"Engineering Agreement," which is dated September 29, 1998, and recites certain provisions of the oral agreement. The new contract provides, as pertinent to this appeal, the following:

1.   This Agreement is in addition to the 1994 oral agreement between FLYNT ENGINEERING COMPANY and WILLIAM COX. The original oral agreement between FLYNT ENGINEERING COMPANY and WILLIAM COX is as follows: FLYNT ENGINEERING COMPANY would design a mobile home park for WILLIAM COX, including a sewer treatment plant. No specific amounts of money were discussed in this original oral agreement.

2.   WILLIAM COX agrees that he owes FLYNT ENGINEERING COMPANY the amount of ONE HUNDRED FIVE THOUSAND TWENTY-TWO AND 50/100 DOLLARS ($105,022.50) for engineering services provided to him prior to the date of this Agreement. WILLIAM COX may pay this amount from the proceeds of a loan for construction of the Project.

3.   WILLIAM COX shall make all reasonable efforts to obtain the construction loan by June 1, 1999.

4.   FLYNT ENGINEERING COMPANY shall provide engineering services necessary to finalize a response to a May 15, 1998 list of questions from the Tennessee Department of Environment and Conservation. FLYNT ENGINEERING COMPANY shall invoice WILLIAM COX for these services based upon FLYNT ENGINEERING COMPANY's current hourly rate schedule.

5.   FLYNT ENGINEERING COMPANY will provide additional engineering services for the Project as requested by WILLIAM COX, and shall invoice WILLIAM COX for this work in accordance with FLYNT ENGINEERING COMPANY's hourly fee schedule in effect at the time FLYNT ENGINEERING COMPANY performs such services. WILLIAM COX shall pay these invoices within thirty (30) days of receipt of each invoice.

6.   This Agreement may not be assigned unless both FLYNT ENGINEERING COMPANY and WILLIAM COX agree in writing to the assignment.

The Trial Judge, as already noted, granted summary judgment in favor of Flynt Engineering, resulting in this appeal, wherein Mr. Cox asserts that the Trial Court was in error in finding that there was no genuine issue of material fact.

Our standard of reviewing summary judgment is succinctly set out in the case of Staples v. CBL & Associates, Inc., 15 S.W.3d 83, 89 (Tenn. 2000):

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

The proof shows that when the original oral agreement was made between Mr. Flynt and Mr. Cox, Mr. Cox was told that the cost for the services to be rendered would be approximately $25,000.

This, of course, was prior to the consummation of the written agreement which specifically provides for the amount then owed, plus the cost of additional services thereafter.

In an attack upon the written agreement, Mr. Cox contends that he was subjected to economic duress by Flynt Engineering, which threatened to stop work and sue for the balance then claimed to be owed.[1]

We have found one reported Tennessee case, Dockery v. Estate of Massey, 958 S.W.2d 346, 348 (Tenn. Ct. App. 1997), which addresses economic duress.

In that case Judge Cantrell, speaking for the Court, stated the following:

> Mrs. Dockery also contends that her signature on the deeds of trust was procured by economic duress. According to Mrs. Dockery, Ron Beaver, the vice president of Finance at AFC subjected her to "constant pressure," "harassment," and "constant demands" to get her to sign the loan participation agreement and the deeds of trust. Mr. Beaver allegedly told Mrs. Dockery that she "had" to sign the documents and that she was "jeopardizing the company and [Dockery] by not signing them."
>
> Accepting all of this as true, the facts do not make out a case of economic duress, which has been defined as so coercive and severe that a person of ordinary firmness could not resist it. Hardy v. Harris, No. 01-A-01-9001-CH-00005, 1990 WL 61429 (Tenn.App. filed at Nashville May 11, 1990).

---

[1] Flynt Engineering's proof showed that it decided to "cut its losses" by withdrawing without making claim for the value of services already rendered. Because Mr. Cox's proof shows otherwise, under our standard of review we, of course, must accept his assertion.

The bare statement of Mr. Cox that being told that Flynt Engineering would withdraw its services and sue for the balance then owing does not, in our view, meet the test set out in <u>Dockery</u>.

Moreover, we have found cases from other jurisdictions that hold the assertion of an intention to pursue a legal remedy is not ordinarily economic duress, <u>United States v. Martin</u>, 274 F.Supp. 1002 (E.D.Mo.1967), and to do what one has a legal right to do is insufficient to create duress. <u>Windham v. Alexander, Weston & Poehner</u>, 887 S.W.2d 182 (Tex App. 1994).

We conclude that Flynt Engineering, which had not been paid a single penny in connection with the project, had the legal right to stop rendering services and to sue for the amount it was owed.

We accordingly concur in the judgment of the Trial Court which rendered judgment for the original amount stated in the written contract, plus additional services provided thereafter, the amount of which does not appear to be in dispute.

Finally, we make two further observations. First, it seems clear from the record that the reason the project became economically not feasible, was that Mr. Cox, having been diagnosed with cancer, was unable to supervise the construction work incident to the mobile home park which he had planned to do. Secondly, Mr. Cox's deposition, in our view, gives the real reason the amount owed Flynt Engineering was not paid:

> Q. Now, I've received your interrogatory answers and the answer that was filed by your attorney on your behalf in this case, but I need to just ask you in your own words, why haven't you paid Flynt Engineering for the work they've done on this project:
>
> A. Very simply put, I don't have the money.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of the judgment and costs below. Costs of appeal are adjudged against William Cox and his surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE

-4-